IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| ANTHONY M. MILNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:19cv799-MHT |
| | ) | (WO) |
| THE CITY OF MONTGOMERY, | ) | |
| ALABAMA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

This case is before the court on defendants' motion to dismiss (doc. no. 12). Central to the disposition of the motion is the question of whether plaintiff Anthony Milner's deadline for filing his charge of discrimination with the Equal Employment Opportunity Commission (EEOC) should be equitably tolled.

Among the facts alleged in the complaint, the court sees nothing that would support the application of equitable tolling, with the possible exception of the assertion that Milner was "informed that termination of his employment was not final until October 26, 2018."

Complaint (doc. no. 1) at ¶ 29.  The court is unsure what to make of this allegation in the absence of any evidence supporting it and without details of precisely how Milner came to be informed that his termination was not final until October 2018.

When adjudicating a motion to dismiss for failure to exhaust administrative procedures, "it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes."  *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008).  Based on Milner's response to the motion to dismiss, and particularly his objection to defendants' submission of evidence on the issue, *see* Response to Motion to Dismiss (doc. no. 18) at 5, it appears that Milner has overlooked that the court must resolve factual issues in deciding a motion to dismiss for failure to exhaust, much as it must on a motion under Federal Rule of Civil Procedure 12(b)(1).*  *See Bryant*,

---

\* Milner's mistake is somewhat understandable because defendants improperly framed their motion as one under Federal Rule of Civil Procedure 12(b)(6), which is not typically used for motions based on failure to

2

530 F.3d at 1376.  As such, mindful of the admonition of the Eleventh Circuit Court of Appeals that the parties must "have sufficient opportunity to develop a record" regarding factual disputes related to exhaustion, *id.*, the court will allow the parties an opportunity to present additional factual evidence on the issue of equitable tolling.

*　*　*

Accordingly, it is ORDERED that:

(1) Plaintiff Anthony Milner may submit evidence supporting his position that his EEOC filing deadline should be equitably tolled, and particularly his assertion that he was "informed that termination of his employment was not final until October 26, 2018."  This evidentiary submission is due by 5:00 p.m. on Friday, December 4, 2020.

---

exhaust.  *See Bryant*, 530 F.3d at 1375 (noting that exhaustion is "a matter of judicial administration" that is "not expressly mentioned in Rule 12(b)").

3

(2) Defendants may respond with any additional evidence they wish to present on the issue of equitable tolling.  This response is due by 5:00 p.m. on Friday, December 11, 2020.

DONE, this the 23rd day of November, 2020.

                                         /s/ Myron H. Thompson
                                         **UNITED STATES DISTRICT JUDGE**